TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX .............. , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 11-642 F

Lauren A. Rotondo, Trustee of The
Tapped Out Realty Trust
.................................. , Plaintiff(s)

v.

City of Everett, et al. , Defendant(s)

## SUMMONS

To the above-named Defendant:  John Doe

You are hereby summoned and required to serve upon ........... David R. Lucas, Esq.

...................................... plaintiff's attorney, whose address is Nigro, Pettepit & Lucas, LLP,
649 Main Street, Wakefield, MA 01880 ................................., an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at ...... Woburn,
Middlesex County ...................................... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ....................... Woburn
the ............. 3rd ...................... day of .......................... March ...........................
.................... , in the year of our Lord .......... 2011 ..................... .

...................................................
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

**Middlesex Sheriff's Office** · Civil Division, P.O. Box 410180, Cambridge, MA 02141-0002 · (617) 547-1171

*Middlesex, ss.*

March 7, 2011

I hereby certify and return that on 3/4/2011 at 10:40AM I served a true and attested copy of the SUMMONS AND COMPLAINT, EXHIBITS in this action in the following manner: To wit, by delivering in hand to MICHAEL MATARAZZO, agent, person in charge at the time of service for JOHN DOE, at OFFICE OF THE CITY CLERK, 484 BROADWAY, CITY OF EVERETT EVERETT, MA 02149. Attest ($5.00), Basic Service Fee ($30.00), Conveyance ($1.20), Postage and Handling ($1.00), Travel ($2.56) Total Charges $39.76

*Albat Forgioa*

_____
*Deputy Sheriff*

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION No. 11-642 F

Lauren A. Rotondo, Trustee of the Tapped Out Realty Trust ........Plff.

v.

City of Everett, et al. ........Deft.

SUMMONS (Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX.............. , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 11-642 F

Lauren A. Rotondo, Trustee of The
Tapped Out Realty Trust....... , Plaintiff(s)

v.

City of Everett, et al. , Defendant(s)

# SUMMONS

To the above-named Defendant: Everett City Clerk

You are hereby summoned and required to serve upon ......David R. Lucas, Esq..........................

........................................................ plaintiff's attorney, whose address is Nigro, Pettepit & Lucas, LLP,
649 Main Street, Wakefield, MA 01880..........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .......Woburn,.................

Middlesex County......................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ...........Woburn......................................................

the ...............3rd............................... day of ...........March..............................................

...................., in the year of our Lord .......2011.............................................. .

.......................................................
**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.



**Middlesex Sheriff's Office** · Civil Division, P.O. Box 410180, Cambridge, MA 02141-0002 · (617) 547-1171

*Middlesex, ss.*

March 7, 2011

I hereby certify and return that on 3/4/2011 at 10:40AM I served a true and attested copy of the SUMMONS AND COMPLAINT, EXHIBITS in this action in the following manner: To wit, by delivering in hand to MICHAEL MATARAZZO, agent, person in charge at the time of service for EVERETT CITY CLERK, at OFFICE OF THE CITY CLERK, 484 BROADWAY, CITY OF EVERETT EVERETT, MA 02149. Attest ($5.00), Basic Service Fee ($30.00), Conveyance ($1.20), Postage and Handling ($1.00), Travel ($2.56) Total Charges $39.76

_____
*Deputy Sheriff*

**N.B. TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(_____)

(.............................................., 20..........)

(_____)

---

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX .......... ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  11-642 F

Lauren A. Rotondo, Trustee of the
Tapped Out Realty Trust ..........Plff.

v.

City of Everett, et al. ..........Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX .............., ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  11-642 F

Lauren A. Rotondo, Trustee of
The Tapped Out Realty Trust, Plaintiff(s)

v.

City of Everett, et al. , Defendant(s)

## SUMMONS

To the above-named Defendant: John F. Field, individually and as Inspector of Buildings
of the City of Everett

You are hereby summoned and required to serve upon ............ David R. Lucas, Esq.

.......................................... plaintiff's attorney, whose address is Nigro, Pettepit & Lucas, LLP,
649 Main Street, Wakefield, MA 01880 ..................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .... Woburn,.................

Middlesex County ................................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ...... Woburn

the   3rd ........................................... day of .................... March

.................., in the year of our Lord ....2011........................... .

........................................ Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001



**Middlesex Sheriff's Office** • Civil Division, P.O. Box 410180, Cambridge, MA 02141-0002 • (6′7) 547-1171

*Middlesex, ss.*

March 7, 2011

I hereby certify and return that on 3/4/2011 at 10:40AM I served a true and attested copy of the SUMMONS AND COMPLAINT, EXHIBITS in this action in the following manner: To wit, by delivering in hand to JOHN F FIELD, INDIVIDUALLY AND AS at AS INSPECTOR OF BUILDINGS, 484 BROADWAY, CITY OF EVERETT EVERETT, MA 02149. Attest ($5.00), Basic Service Fee ($30.00), Conveyance ($1.20), Postage and Handling ($1.00), Travel ($2.56) Total Charges $39.76

*albat Forgione*

_____
*Deputy Sheriff*

**N.B.  TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(  ............................................................  )

(  ..........................................., 20..........  )

(  ............................................................  )

---

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 11-642 F

MIDDLESEX ........ ss.

Lauren A. Rotondo, Trustee of the
Tapped Out Realty Trust ........Plff.

v.

City of Everett, et al. ...............Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

...........MIDDLESEX.........., ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 11-642 F

Lauren A. Rotondo, Trustee of The
Tapped Out Realty Trust
......................................., Plaintiff(s)

v.

City of Everett
......................., Defendant(s)

## SUMMONS

To the above-named Defendant: Frank Nuzzo, Jr., individually and as Director of Code
Enforcement of the City of Everett
You are hereby summoned and required to serve upon ...................................................
David R. Lucas, Esq.
................................ plaintiff's attorney, whose address is Nigro, Pettepit & Lucas, LLP,
649 Main Street, Wakefield, MA 01880................, an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at .....Woburn,.................
Middlesex County ............................. either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ...........Woburn...................................................
the .......3rd................................. day of ..................March...................................................
..................., in the year of our Lord ....2011........................................................

..........................................................
**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

**Middlesex Sheriff's Office** • Civil Division, P.O. Box 410180, Cambridge, MA 02141-0002 • (617) 547-1171

*Middlesex, ss.*

March 7, 2011

I hereby certify and return that on 3/4/2011 at 10:40AM I served a true and attested copy of the SUMMONS AND COMPLAINT, EXHIBITS in this action in the following manner: To wit, by delivering in hand to RICHARD O'DONNELL, agent, person in charge at the time of service for FRANK NUZZO, JR, INDIVIDUALLY AND, at AS DIRECTOR OF CODE ENFORCEMENT, 484 BROADWAY, CITY OF EVERETT EVERETT, MA 02149. Attest ($5.00), Basic Service Fee ($30.00), Conveyance ($1.20), Postage and Handling ($1.00), Travel ($2.56) Total Charges $39.76

*Albat Forgione*

_____
*Deputy Sheriff*

**N.B.  TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
   **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

( ..........................................., 20........... )

( _____ )

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX ............ ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 11-642 F

Lauren A. Rotondo, Trustee of the
Tapped Out Realty Trust ............ Plff.

v.

City of Everett, et al. ............ Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)



EVERETT
CITY SOLICITOR'S
OFFICE

NIGRO, PETTEPIT & LUCAS, LLP   2011 MAR 14 PM 4: 19

ATTORNEYS AT LAW

March 11, 2011

Clerk for Civil Business
Middlesex Superior Court
200 Trade Center, 2nd Floor
Woburn, MA 01801

    Re:   Lauren Rotondo, Trustee of Tapped Out Realty Trust
           v. City of Everett, et al.
           Middlesex Superior Court Docket No. MICV2011-00642-F

Dear Gentlepersons:

    Please find enclosed herewith, for filing in the above-captioned matter, Affidavit
of Notice, G.L. c. 40A, §17.

    Thank you for your attention to this matter.

                      Sincerely yours,


                      David R. Lucas

DRL/cmm
Enclosure
cc:   Colleen M. Mejia, Esq. (w/enclosure)
CLIENT FILES-Rotondo, Lauren\court ltr 3-11-11

with offices in Wakefield and Newburyport
649 Main Street   Wakefield, MA 01880   www.npl-law.com
t 781.245.4545   t 978.462.9008   f 781.245.1900   info@npl-law.com

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
DOCKET NO. MICV2011-00642-F

LAUREN A. ROTONDO, Trustee of )
TAPPED OUT REALTY TRUST, )
         Plaintiff )
v. )
CITY OF EVERETT, )
AND JOSEPH DeSISTO, III, MARIO )
CORNELIO, JOHN CHRISTOFORO, )
VINCENT CARUSO, JAMES LENEHAN, )
RICHARD ZULLO, MICHAEL )
DANTONE, As They Are Members of the )
Board of Appeals of the City of Everett, )
AND )
JOHN F. FIELD, Individually and As )
Inspector of Buildings of the City of Everett,)
AND )
FRANK NUZZO, JR., Individually and As )
Director of Code Enforcement of the City of )
Everett )
AND )
JOHN DOE, )
         Defendants )

2011 MAR 14 PM 4: 19
EVERETT
CITY SOLICITOR'S
OFFICE

## AFFIDAVIT OF NOTICE, G.L. c. 40A, §17

    Please take notice that the undersigned, as counsel for the Plaintiff, has complied with the service requirements of G.L. c. 40A, §17, by providing written notice of the within action, together with a copy of the Complaint, by certified mail, to all the Defendants-Members of the Board of Appeals of the City of Everett.

    All other Defendants shall be served in accordance with Mass.R.Civ.P. Rule 4.

    Signed and sworn under the pains and penalties of perjury this 7th day of March, 2011.

NIGRO, PETTEPIT
& LUCAS, LLP
ATTORNEYS AT LAW
649 MAIN STREET
WAKEFIELD,
ASSACHUSETTS 01880

(781) 245-4545

    David R. Lucas, Esq.
    Nigro, Pettepit & Lucas, LLP
    649 Main Street
    Wakefield, MA 01880
    (781) 245-4545
    BBO # 636850
    dlucas@npl-law.com

## CERTIFICATE OF SERVICE

I, DAVID R. LUCAS, certify that I have served a copy of the within Affidavit of Notice, G.L. c. 40A, §17 by mailing a copy thereof, via first-class mail, postage prepaid, to Colleen M. Mejia, Esq., Law Department, City of Everett, 484 Broadway, Everett, MA 02149.

Signed under the pains and penalties of perjury this 11th day of March, 2011.

DAVID R. LUCAS, ESQUIRE
Nigro, Pettepit & Lucas
649 Main Street
Wakefield, MA 01880
(781) 245-4545
BBO # 636850

CLIENT FILES/Rotondo, Lauren/Affidavit of Notice

NIGRO, PETTEPIT
& LUCAS, LLP
ATTORNEYS AT LAW
649 MAIN STREET
WAKEFIELD,
MASSACHUSETTS 01880

(781) 245-4545

- 2 -

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT DEPARTMENT
                                        DOCKET NO. 11-642F

LAUREN A. ROTONDO, Trustee of        )
TAPPED OUT REALTY TRUST,             )
    Plaintiff                    )
  v.                                 )
CITY OF EVERETT,                     )
AND JOSEPH DeSISTO, III, MARIO       )
CORNELIO, JOHN CHRISTOFORO,          )
VINCENT CARUSO, JAMES LENEHAN,       )
RICHARD ZULLO, MICHAEL               )
DANTONE, As They Are Members of the  )
Board of Appeals of the City of Everett, )
AND                                  )
JOHN F. FIELD, Individually and As   )
Inspector of Buildings of the City of Everett, )
AND                                  )
FRANK NUZZO, JR., Individually and As )
Director of Code Enforcement of the City of )
Everett                              )
AND                                  )
JOHN DOE,                            )
    Defendants                   )

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
FEB 25 2011
CLERK

## COMPLAINT

NOW COMES the Plaintiff and asserts the following:

    1.    Plaintiff is the Trustee of the Tapped Out Realty Trust, a Massachusetts trust created under Declaration of Trust dated June 17, 1998, with a regular place of business in Melrose, Middlesex County, Massachusetts;

    2.    Plaintiff is the owner of the land known and numbered as 685A-691 Broadway, Everett, Massachusetts (hereinafter referred to as "the Premises");

    3.    Plaintiff is also the owner of the land and buildings known and numbered as 103 Linden Street, Everett (hereinafter referred to as "103 Linden");

    4.    Defendant, City of Everett, is a municipal corporation organized and existing under the laws of Massachusetts, with a principal place of business at 484 Broadway, Everett, Massachusetts;

    5.    Defendant, Joseph DeSisto, III, is believed to be a resident of Everett, Massachusetts, and, on February 7, 2011, was Chairman of the Everett Board of Appeals;

NIGRO, PETTEPIT
& LUCAS, LLP
ATTORNEYS AT LAW
449 MAIN STREET
WAKEFIELD,
MASSACHUSETTS 01880
(781) 245-4545

6.      Defendant, Mario Cornelio, is believed to be a resident of Everett, Massachusetts, and, on February 7, 2011, was a Member of the Everett Board of Appeals;

7.      Defendant, John Christoforo, is believed to be a resident of Everett, Massachusetts, and, on February 7, 2011, was a Member of the Everett Board of Appeals;

8.      Defendant, Vincent Caruso, is believed to be a resident of Everett, Massachusetts, and, on February 7, 2011, was a Member of the Everett Board of Appeals;

9.      Defendant, James Lenehan, is believed to be a resident of Everett, Massachusetts, and, on February 7, 2011, was a Member of the Everett Board of Appeals;

10.     Defendant, Richard Zullo, is believed to be a resident of Everett, Massachusetts, and, on February 7, 2011, was an Associate Member of the Everett Board of Appeals;

11.     Defendant, Michael Dantone, is believed to be a resident of Everett, Massachusetts, and, on February 7, 2011, was an Associate Member of the Everett Board of Appeals;

12.     Defendant, John F. Field, is believed to be a resident of Middlesex County, Massachusetts and is the Inspector of Buildings of the City of Everett, with a regular place of business at 484 Broadway, Everett, Massachusetts;

13.     Defendant, Frank Nuzzo, Jr., is believed to be a resident of Everett, Massachusetts, and, at all times relevant hereto, was and is Director of Code Enforcement for the City of Everett, with a regular place of business at 484 Broadway, Everett, Massachusetts;

14.     John Doe is a fictitious name attributed to the person or persons who, both individually and as employees of the City of Everett, entered the Premises on the dates noted herein and wrongfully issued fines against the Plaintiff;

15.     On or about November 19, 2009, at approximately 7:00 p.m., Defendant, John Doe, and Defendant, Frank Nuzzo, Jr., or his agents and servants, entered 103 Linden, without invitation, justification or cause, for the stated purpose of performing an inspection on behalf of the City of Everett;

16.     As a result of said entry, Defendants, John Doe and Frank Nuzzo, Jr., or his agents and servants, acting both individually and within the scope of their duties as agents of the City of Everett, issued a "Notice of Violation" to Plaintiff on November 20, 2009.  A true and accurate copy of the Notice of Violation is attached hereto and marked "Exhibit A";

17.     The Notice of Violation alleges fines for building code violations, totaling $253,500.00, calculated at $300.00 per day for 845 days;

18.     The Notice of Violation was issued without justification or any good faith;

NIGRO, PETTEPIT
& LUCAS, LLP
ATTORNEYS AT LAW
649 MAIN STREET
WAKEFIELD,
MASSACHUSETTS 01880

(781) 245-4545

- 2 -

19.    The Notice of Violation was issued without any evidence of violations during the 845 days prior thereto;

20.    Also on November 19, 2009, Defendant, John F. Field, his employees and agents, sent to Plaintiff a letter notifying her of the alleged building code violations, to wit, use of an illegal basement apartment at the Premises;

21.    The City of Everett, its agents and employees, took these actions despite actual knowledge of building permits and plumbing permits on file with its various departments, classifying the allegedly illegal basement apartment as a legal "family room" with a legal "three piece bathroom";

22.    Said Notice of Violation was appealed by Plaintiff in a timely manner and such appeal is pending in the Malden District Court;

23.    In addition to the aforementioned actions, Defendants, John Doe and Frank Nuzzo, Jr., or his agents and servants, acting both individually and within the scope of their duties as employees of the City of Everett, boarded up one or more basement rooms inside 103 Linden, including a room which housed the electric circuit breakers for the building;

24.    The Premises consist of a mixed-use building located at 685A-691 Broadway in Everett. The building on the Premises contains two residential units and two commercial units. The commercial units are currently rented to a clothing store and a money exchange business;

25.    On or about November 8, 2010, an agent of a commercial tenant of the Plaintiff applied for a sign permit with the Building Department of the City of Everett. The application sought approval to erect an exterior sign at the money exchange business of the Premises;

26.    The said tenant's agent, Project Design, of 270 Canal Street, Suite 420, Lawrence, Massachusetts, filed a complete application and paid the requisite permit fee to the City of Everett Building Department. A true and accurate copy of the application and attachments is attached hereto and marked "Exhibit B";

27.    The sign, as designed and presented on the application, complies with all building codes and zoning ordinances applicable to the Premises;

28.    On or about the same date, Defendant, John F. Field, his employees and agents, acting individually and also within the scope of his duties as building inspector, approved the application for sign permit but refused to issue the permit to Plaintiff's agent;

29.    Plaintiff's tenant's agent at that time was informed that the sign permit would not be issued, because Plaintiff allegedly owed fines to the City of Everett for zoning violations relating to 103 Linden;

30.    The Defendants, City of Everett and John F. Field, wrongfully used the alleged fines due as a justification to withhold the sign permit from Plaintiff's tenant's agent;

NIGRO, PETTEPIT
& LUCAS, LLP
ATTORNEYS AT LAW
649 MAIN STREET
WAKEFIELD,
MASSACHUSETTS 01880
—
(781) 245-6548

- 3 -

31.   By aldermanic order approved on June 30, 1992, the City of Everett accepted and adopted G.L. c. 40, §57, "an Act relative to granting Licenses and permits to Delinquent Taxpayers";

32.   Under said G.L. c. 40, §57, a city or town that accepts and implements such statute may withhold permits and licenses from a building owner who has "neglected or refused to pay any local taxes, fees, assessments, betterments or other municipal charges." (See: G.L. c. 40, §57);

33.   This statute was amended in 1993 to extend a municipality's authority to deny permits or licenses relating to any real estate whatsoever "whose owner has neglected or refused to pay any local taxes, fees, assessments, betterments or other municipal charges." (See: G.L. c. 40, §57);

34.   The City of Everett has never adopted the amended version of the statute;

35.   Accordingly, even if the Plaintiff did owe fines to the City of Everett, neither John F. Field nor the City of Everett has authority to withhold a sign permit, applied for by Plaintiff's tenant, where such sign complies with all applicable building codes and zoning ordinances;

## COUNT I – JUDICIAL REVIEW OF A BOARD OF APPEALS – G.L. c. 40A, §17

36.   Plaintiff reasserts and realleges Paragraphs 1 through 35 set forth herein;

37.   Plaintiff appealed the Building Inspector's Decision to the Everett Board of Appeals, in accordance with G.L. c. 40A, §8, on December 8, 2010;

38.   The Everett Board of Appeals held a hearing on February 7, 2011, and voted, with three members voting in favor and two members voting against, to overturn the Building Inspector's Decision. Because fewer than four members voted in favor of Plaintiff's appeal, Plaintiff's appeal was denied;

39.   A true and accurate copy of the Everett Board of Appeals' Decision is attached hereto and marked "Exhibit C";

40.   The Decision of the Everett Board of Appeals was arbitrary, not based upon the evidence taken at the February 7, 2011, hearing, and exceeds the authority of said Board.

WHEREFORE, Plaintiff demands the following relief from this Honorable Court.

A.   Judgment in such sum as may be determined at the bar of this Honorable Court;

B.   Annulment of the Decision of the Board of Appeals;

NIGRO, PETTEPIT
& LUCAS, LLP
ATTORNEYS AT LAW
649 MAIN STREET
WAKEFIELD,
MASSACHUSETTS 01880
.......
(781) 245-4545

- 4 -

C.     Remand to the Board of Appeals with an Order that the Building Inspector's Decision be overturned;

D.     An Order to the City of Everett Building Inspector to issue the sign permit forthwith; and

E.     Other relief as this Court deems just and proper.

## COUNT II – WRIT OF MANDAMUS, G.L. c. 249, §5

41.     Plaintiff reasserts and realleges Paragraphs 1 through 40 set forth herein;

42.     Defendant, John F. Field, has no authority or discretion to withhold from Plaintiff's tenant the sign permit at issue;

43.     Plaintiff has no other remedy at law that would require Defendant, John F. Field, to issue the sign permit;

44.     Without customary signage advertising the commercial use of the building, Plaintiff is deprived of the market value and income of the Premises; and

45.     As a result of the aforesaid actions of the Defendants, City of Everett and John F. Field, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:

A.     Judgment in such sum as may be determined at the bar of this Honorable Court;

B.     An Order to the City of Everett Building Inspector to issue the sign permit forthwith; and

C.     Other relief as this Court deems just and proper.

## COUNT III – VIOLATION OF THE MASSACHUSSETS CIVIL RIGHTS ACT – DEFENDANT, FRANK NUZZO, JR.

46.     Plaintiff reasserts and realleges Paragraphs 1 through 45 set forth herein;

47.     Defendant, Frank Nuzzo, Jr., his agents and employees, has interfered with Plaintiff's exercise or enjoyment of rights secured by the Massachusetts Declaration of Rights, including but not limited to Article X, and rights secured by the Constitution of the United States, including but not limited to the Fourteenth Amendment;

48.     The said Defendants' actions have violated the procedural and substantive state and federal due process rights of the Plaintiff;

49.     Such interference was made through intimidation or coercion; and

NIGRO, PETTEPIT
& LUCAS, LLP
ATTORNEYS AT LAW
649 MAIN STREET
WAKEFIELD,
MASSACHUSETTS 01880

(781) 245-4545

- 5 -

50.    As a result of such actions, Plaintiff has incurred damages.

WHEREFORE, Plaintiff demands the following relief:

A.    Judgment in such sum as may be determined at the bar of this Honorable Court, including compensatory and nominal damages;

B.    All attorney's fees and costs of suit; and

C.    Other relief as this Court deems just and proper.

## COUNT IV – VIOLATION OF THE MASSACHUSSETS CIVIL RIGHTS ACT – DEFENDANT, JOHN F. FIELD

51.    Plaintiff reasserts and realleges Paragraphs 1 through 50 set forth herein;

52.    Defendant, John F. Field, has interfered with Plaintiff's exercise or enjoyment of rights secured by the Massachusetts Declaration of Rights, including but not limited to Article X, and rights secured by the Constitution of the United States, including but not limited to the Fourteenth Amendment;

53.    The said Defendants' actions have violated the procedural and substantive state and federal due process rights of the Plaintiff;

54.    Such interference was made through intimidation or coercion; and

55.    As a result of such actions, Plaintiff has incurred damages.

WHEREFORE, Plaintiff demands the following relief:

A.    Judgment in such sum as may be determined at the bar of this Honorable Court, including compensatory and nominal damages;

B.    All attorney's fees and costs of suit; and

C.    Other relief as this Court deems just and proper.

## COUNT V – VIOLATION OF THE MASSACHUSSETS CIVIL RIGHTS ACT – DEFENDANT, JOHN DOE

56.    Plaintiff reasserts and realleges Paragraphs 1 through 55 set forth herein;

57.    Defendant, John Doe, has interfered with Plaintiff's exercise or enjoyment of rights secured by the Massachusetts Declaration of Rights, including but not limited to Article X, and rights secured by the Constitution of the United States, including but not limited to the Fourteenth Amendment;

NIGRO, PETTEPIT
& LUCAS, LLP
ATTORNEYS AT LAW
649 MAIN STREET
WAKEFIELD,
MASSACHUSETTS 01880
(781) 245-4545

-6-

58.   The said Defendants' actions have violated the procedural and substantive state and federal due process rights of the Plaintiff;

59.   Such interference was made through intimidation or coercion; and

60.   As a result of such actions, Plaintiff has incurred damages.

WHEREFORE, Plaintiff demands the following relief:

A.   Judgment in such sum as may be determined at the bar of this Honorable Court, including compensatory and nominal damages;

B.   All attorney's fees and costs of suit; and

C.   Other relief as this Court deems just and proper.

## COUNT VI – VIOLATION OF 42 U.S.C. SECTION 1983 – CITY OF EVERETT

61.   Plaintiff reasserts and realleges Paragraph 1 through 60 set forth herein;

62.   Defendant, City of Everett, has adopted a custom or policy of withholding permits and licenses from landowners lawfully entitled thereto, as a means of wrongfully enforcing alleged fines;

63.   The City of Everett, by the actions and omissions of its various officers, including Defendants, John F. Field, Frank Nuzzo, Jr. and John Doe, acting under color of law, has deprived Plaintiff of her rights, privileges and/or immunities secured by the Constitution of the United States, including but not limited to the Fourteenth Amendment; and

64.   As a result of said Defendants' actions and omissions, Plaintiff has incurred damages.

WHEREFORE, Plaintiff demands the following relief:

A.   Judgment in such sum as may be determined at the bar of this Honorable Court, including compensatory, nominal and punitive damages;

B.   All attorney's fees and costs of suit; and

C.   Other relief as this Court deems just and proper.

## COUNT VII – VIOLATION OF 42 U.S.C. SECTION 1983 – FRANK NUZZO, JR.

65.   Plaintiff reasserts and realleges Paragraph 1 through 64 set forth herein;

66.   Defendant, Frank Nuzzo, Jr., through his actions and omissions, has deprived Plaintiff of her rights, privileges and/or immunities secured by the Constitution of the United States, including but not limited to the Fourteenth Amendment;

NIGRO, PETTEPIT
@ LUCAS, LLP
ATTORNEYS AT LAW
649 MAIN STREET
WAKEFIELD,
MASSACHUSETTS 01880
(781) 246-4545

- 7 -

67.     Defendant's said actions and omissions were done under color of law and within the scope of his duties as an employee or official of the City of Everett; and

68.     As a result of said Defendant's actions and omissions, Plaintiff has incurred damages.

WHEREFORE, Plaintiff demands the following relief:

A.      Judgment in such sum as may be determined at the bar of this Honorable Court, including compensatory, nominal and punitive damages;

B.      All attorney's fees and costs of suit; and

C.      Other relief as this Court deems just and proper.

## COUNT VIII – VIOLATION OF 42 U.S.C. SECTION 1983 – JOHN F. FIELD

69.     Plaintiff reasserts and realleges Paragraph 1 through 68 set forth herein;

70.     Defendant, John F. Field, through his actions and omissions, has deprived Plaintiff of her rights, privileges and/or immunities secured by the Constitution of the United States, including but not limited to the Fourteenth Amendment;

71.     Defendant's said actions and omissions were done under color of law and within the scope of his duties as an employee or official of the City of Everett; and

72.     As a result of said Defendant's actions and omissions, Plaintiff has incurred damages.

WHEREFORE, Plaintiff demands the following relief:

A.      Judgment in such sum as may be determined at the bar of this Honorable Court, including compensatory, nominal and punitive damages;

B.      All attorney's fees and costs of suit; and

C.      Other relief as this Court deems just and proper.

## COUNT IX – VIOLATION OF 42 U.S.C. SECTION 1983 – JOHN DOE

73.     Plaintiff reasserts and realleges Paragraph 1 through 72 set forth herein;

74.     Defendant, John Doe, through his actions and omissions, has deprived Plaintiff of her rights, privileges and/or immunities secured by the Constitution of the United States, including but not limited to the Fourteenth Amendment;

NIGRO, PETTEPIT
& LUCAS, LLP
ATTORNEYS AT LAW
6-40 MAIN STREET
WAKEFIELD,
MASSACHUSETTS 01880

(781) 245-4545

- 8 -

75.     Defendant's said actions and omissions were done under color of law and within the scope of his duties as an employee or official of the City of Everett; and

76.     As a result of said Defendant's actions and omissions, Plaintiff has incurred damages.

WHEREFORE, Plaintiff demands the following relief:

A.     Judgment in such sum as may be determined at the bar of this Honorable Court, including compensatory, nominal and punitive damages;

B.     All attorney's fees and costs of suit; and

C.     Other relief as this Court deems just and proper.

Respectfully submitted,
LAUREN A. ROTONDO, as Trustee of the
Tapped Out Realty Trust,
By Her Attorney,

David R. Lucas, Esq.
Nigro, Pettepit & Lucas, LLP
649 Main Street
Wakefield, MA 01880
(781) 245-4545
BBO # 636850
dlucas@npl-law.com

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES AS PERMITTED BY LAW.

CLIENT FILES Rotondo, Lauren Complaint

NIGRO, PETTEPIT
& LUCAS, LLP
ATTORNEYS AT LAW
649 MAIN STREET
WAKEFIELD,
ASSACHUSETTS 01880

(781) 245-4545

-9-

6173942217

15:55:23   03-01-2011   12/20

EXHIBIT

A

CITY OF EVERETT
NOTICE OF VIOLATION
CITY ORDINANCE, BY-LAW, REGULATION

CE No.05

(Date of this Notice) 11·20·    20 09

To: Lauren Rotondo

58 Tappan St

Melrose Ma. 63176

YOU HAVE BEEN OBSERVED VIOLATING
☐ No Dumpster Permit         ☐ Obstruction of a Public
☐ Overflowing Dumpster       ☐ Rubbish Out too Early
☐ Blocked Egress/Ingress     ☐ Fire Prevention Regula
☐ Accumulated Combustibles   ☐ Building/Zoning
☐ Litter on Property Rubbish ☐ Other

Art: M6   Section: 760 CMR

300.00 Big Tan $4502., Ds

103 Linden St

At: 7:00   (A.M. P.M.) on 11·19·09

103 Linden St

I HEREBY ACKNOWLEDGE RECEIPT OF THE FOREGOING CITAT

X

☐ Unable to obtain signature of offender.   Date Mailed 11·20·

THE NON CRIMINAL FINE FOR THIS OFFENSE IS $ 253,500.0

CITY OF EVERETT, COLLECTOR'S OFFICE • 484 Broadway - Everett,

CODE ENFORCEMENT OFFICE, CITY OF EVERETT • 484 Broadway • Everett, MA 02149

I HEREBY ELECT THE FIRST OPTION above, and/or

I HEREBY REQUEST A NON CRIMINAL HEARING ON THIS MATTER.

Signed

OFFENDER'S COPY

6173942217

15:55:36    03-01-2011    14/20

# CITY OF EVERETT
## BUILDING DEPARTMENT
### Application for Sign or Projection Permit

EXHIBIT
B

Permit No. .. .. .. .. ..                                Date. .. .. ..

Application is hereby made for a permit to erect (type of projection) ... Flat

... aluminum sgn ... ... ... 605A-621 ... ...

... ... ... ... ... at No. EH broadway ... ... ... Street

For purpose of ...

Property Owned by LAUREN Rotondo   Owner's Address 621 broadway   Melrose Ma.

Business Operated by Sandra money transfer

Size C'x 10'   Height .. C'5"   Width .. 10'   Thickness .. 1'

Square Ft. Area 2 Sq Ft   Weight .. 25 ..   Pounds

Height Above Sidewalk .. — 10 —   Feet Projection .. —

Projection Constructed of aluminum & fabric ... Cost $ 420.00

Type of Construction Fastened to Limestone, etc. Wood Brick   Side of building

No. Main Hangers .. 6   Kind and Size "Z" bracket

Type of Anchors 3/8 lag bolt   Type Side Guys .. .. No.

Side Guys Anchored how ..

If Projection Anchored to Roof How ..

If Projection Anchored to a Parapet how ..

No. Electric Lights .. .. Size Watts   Current : .. .. Voltage. ..

Has Bond Been Filed .. .. ..   Bonding Co. ..

Fee $ 25 —   Remarks

Map/Areal: M00002-0C0057-01

Contractor Project design

By Dione Santos

Address 270 CANAL st suite 420

City Lawrence - MA 01840

Permits for Occupancy of Sidewalk to be
secured from Board of Public Works.
Plan of Sign and Structural Details must
be filed in triplicate with this application.